IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EASTMAN CHEMICAL COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| DAK AMERICAS LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Eastman Chemical Company ("Eastman" or "Plaintiff"), alleges as follows:

### Nature of the Action

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and seeking damages and other relief under 35 U.S.C. § 281 *et seq*.

### Parties

2. Eastman is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 200 South Wilcox Drive, Kingsport, Tennessee 37662.

3. Defendant DAK Americas LLC ("DAK" or "Defendant") is a limited liability company organized and existing under the laws of Delaware, with a principal place of business located at 5925 Carnegie Boulevard, Suite 500, Charlotte, North Carolina 28209.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**The Patents-in-Suit**

6. United States Letters Patent No. 7,368,522 ("the '522 patent") entitled "High IV Melt Phase Polyester Polymer Catalyzed with Antimony Containing Compounds" was duly and legally issued by the United States Patent & Trademark Office ("USPTO") on May 6, 2008. A copy of the '522 patent is attached as Exhibit A.

7. United States Letters Patent No. 7,358,322 ("the '322 patent") entitled "High IV Melt Phase Polyester Polymer Catalyzed with Antimony Containing Compounds" was duly and legally issued by the USPTO on April 15, 2008. A copy of the '322 patent is attached as Exhibit B.

8. United States Letters Patent No. 7,459,113 ("the '113 patent") entitled "Process of Making A Container from Polyester Polymer Particles Having a Small Surface to Center Intrinsic-Viscosity Gradient" was duly and legally issued by the USPTO on December 2, 2008. A copy of the '113 patent is attached as Exhibit C.

9. Eastman is the lawful owner of all right, title and interest in and to the '522, '322, and '113 patents.

**TECHNOLOGY AT ISSUE**

10. The '322 patent discloses and claims processes for making high intrinsic viscosity polyester polymer products, such as polyethylene terephthalate ("PET") polymers, where such polyester polymers are catalyzed with antimony-containing compounds while in the melt phase. The '522 patent discloses and claims processes for making polyester polymer articles, such as preforms and bottles, where the polyester polymers are also catalyzed with

antimony-containing compounds. The polyester polymer articles of the '522 patent and the polyester polymer products of the '322 patent exhibit good color properties.

11. The polyester polymers of the '522 and '322 patents may be made into pellets that, after further processing, may be formed into articles such as sheets and films; containers such as bottle preforms, beverage bottles, jars and trays; or filaments and fibers. One common application is PET water bottles.

12. The '113 patent discloses and claims processes for making containers from polyester polymer particles, including PET particles. These polymer particles have a high intrinsic viscosity, with a small surface-to-center gradient or change in intrinsic viscosity. The containers can be preforms or beverage bottles.

**FIRST COUNT — INFRINGEMENT OF THE '522 PATENT**

13. Eastman repeats and realleges Paragraphs 1-12 of this Complaint as if fully set forth herein.

14. Upon information and belief, DAK has induced infringement of and/or contributed to infringement of one or more claims of the '522 patent by supplying polyester polymer products to others who make, use, sell, or offer to sell polyester polymer articles and/or bottle preforms within the United States. For example, DAK markets its Laser+® PET resin as "the resin of choice" for "[t]he bottled water and soft drink industries." *See* http://www.dakamericas.com/resins/laserplus.htm (last visited Mar. 1, 2010).

15. Eastman should be awarded damages against DAK for such infringement in an amount to be determined at trial, but in no event less than a reasonable royalty.

**SECOND COUNT — INFRINGEMENT OF THE '322 PATENT**

16. Eastman repeats and realleges Paragraphs 1-15 of this Complaint as if fully set forth herein.

17. Upon information and belief, DAK has directly infringed, induced infringement of, and/or contributed to infringement of one or more claims of the '322 patent, by making, using and/or offering for sale polyester melt phase products within the United States. Such products include the DAK Laser+® PET resin product.

18. Eastman should be awarded damages against DAK for such infringement in an amount to be determined at trial, but in no event less than a reasonable royalty.

### THIRD COUNT — INFRINGEMENT OF THE '113 PATENT

19. Eastman repeats and realleges Paragraphs 1-18 of this Complaint as if fully set forth herein.

20. Upon information and belief, DAK has induced infringement of and/or contributed to infringement of one or more claims of the '113 patent, by supplying polyester polymer products to others who make, use, sell, or offer to sell polyester containers within the United States. For example, DAK markets its Laser+® PET resin as "the resin of choice" for "[t]he bottled water and soft drink industries." *See* http://www.dakamericas.com/resins/laserplus.htm (last visited Mar. 1, 2010).

21. Eastman should be awarded damages against DAK for such infringement in an amount to be determined at trial, but in no event less than a reasonable royalty.

### Prayer for Relief

WHEREFORE, Eastman respectfully requests a judgment from this Court:

A. declaring that the claims of the '522, '322, and '113 patents are valid and enforceable;

B. declaring that DAK has infringed one or more claims of the '522, '322, and '113 patents;

    C. enjoining DAK from further infringement of the '522, '322, and '113 patents;

    D. requiring an accounting of DAK's sales;

    E. awarding Eastman damages adequate to compensate for DAK's infringement of the '522, '322, and '113 patents;

    F. granting Eastman pre- and post-judgment interest on its damages, together with all costs and expenses;

    G. finding this case to be exceptional and awarding Eastman its reasonable attorney fees as provided in 35 U.S.C. § 285; and

    H. awarding Eastman such further and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Eastman requests a jury trial on all issues so triable.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Mary B. Graham*

          _____
          Mary B. Graham (#2256)
          1201 N. Market Street
          P.O. Box 1347
OF COUNSEL:       Wilmington, DE  19899-1347
          (302) 658-9200
Charles E. Lipsey      mgraham@mnat.com
Bryan C. Diner       *Attorneys for Eastman Chemical Company*
Mark D. Sweet
Eric J. Fues
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001
(202) 408-4000

March 1, 2010
3415523